Bush *vs.* Whitney.

If the *plaintiff* and defendant in an action of Ejectment both claim the same Lot under the same division, they are both estopped from denying the legality of such division.

The Selectmen of the several towns in this State, in which there is a Glebe Right, are empowered by statute to lease the lands belonging to such Right, reserving an annual rent ; but have no authority to make any other conveyance of such lands. If, therefore, the Selectmen of a town make a conveyance of such Glebe land in fee, such conveyance is void—neither conveying any title to the grantee, nor affecting the rights of the town.

THIS was an action of Ejectment for Lot No. 123 in the town of St. Albans. On trial upon the general issue, the plaintiff exhibited evidence of a title in himself to several proprietors' rights in the town of St. Albans, but produced no evidence of a proprietary division of said town, nor did he attempt to prove that the Lot in question had been in any manner set to either of his rights, but relied on his right, as a tenant in common, to recover against the defendant, he being a stranger to the proprietorship.

On the part of the defendant, it appeared in evidence, that in the year 1789, Levi Allen surveyed the Lot in question, with a number of other Lots in the town of St. Albans.—That in September, 1790, the Lot in question was designated by pitch as a Glebe Lot. —That in 1800, the Selectmen of the town of St. Albans gave a lease of the same Lot, as laid to the Glebe Right, to one Bebee, who went into possession under his lease from the town, and continued in possession until the year 1806, when he sold his possession to the defendant, who also took a lease of the Lot from the town, and has ever since continued in possession.

The plaintiff then offered evidence to prove that in the year 1811, the Selectmen of the town of St. Albans conveyed the Lot in question to the plaintiff in fee, and took another Lot in exchange as and for a Glebe Lot.

To which evidence the defendant objected.

*By the Court.* The plaintiff admits that the defendant had been in possession of the Lot more than fifteen years before the commencement of the present action, but insists that the defendant is estopped from setting up his possession as adverse to the plaintiff,

47

*Franklin,*
December,
1821.

Bush
*vs.*
Whitney.

the grantee of the town, the defendant having possessed the Lot under the town.—And that the plaintiff, being a tenant in common in the town, is entitled to recover against the defendant, who appears to be a stranger to the title, unless he be permitted to set up his possession as adverse to the plaintiff. There can be no foundation for this claim of the plaintiff.

It appears that the town of St. Albans was many years since divided into severalty, or at least a part of the township—the Lot in question being laid to the Glebe Right. This the defendant has admitted, by accepting a lease of the Lot from the town, as a Lot laid to the Glebe Right. The plaintiff has also admitted the division by accepting from the town a deed of the same Lot. Now if the plaintiff and defendant both claim the same Lot under the same division, they are both estopped from denying the legality of the division, as they are estopped from contesting the title which they both derive from the same common source of title. But in the present case the plaintiff and defendant do both derive their title from the same common source, the town of St. Albans; the defendant by his lease, and the plaintiff by his deed ; and it appears that the defendant has the elder and better title. And if it be admitted in such case that either party may set up an elder and better title than that which is derived from the common source, how does the plaintiff attempt it in this case ?—Simply by denying the legality of the division, in order to let in his title as a tenant in common. But we have already seen that he is estopped from denying the legality of the division. Beside, if this were a Glebe Lot, the Selectmen of St. Albans had no authority to convey it in fee. The Selectmen of the several towns in which there are Glebe lands are empowered by statute to lease them, reserving an annual rent ; this is the extent of their authority, and if they exceed this authority, by attempting to convey them in any other manner, their conveyance is utterly void—neither conveying any title to their grantee, nor affecting the rights of the town. If this were not a Glebe Lot, it does not appear that the town of St. Albans had any title or claim to it whatever : and it is clear that the defendant cannot be disturbed in the enjoyment of the Lot, either by the town, or by their subsequent grantee. The evidence offered must therefore be rejected.

The plaintiff moved for liberty to enter a nonsuit which was granted.